UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

                    v.                          Civil Action No.: 3:26-CV-1357-G

JAI SONDHI,

    Defendant.

## FINAL JUDGMENT AS TO DEFENDANT JAI SONDHI

Before the court is the unopposed motion of Plaintiff United States Securities and

Exchange Commission to enter judgment against Defendant Jai Sondhi.  *See* docket entry 4.  The

motion is **GRANTED**.

The Securities and Exchange Commission having filed a Complaint and Defendant Jai

Sondhi having entered a general appearance; consented to the court's jurisdiction over Defendant

and the subject matter of this action; consented to entry of this Final Judgment without admitting

or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise

provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any

right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act

Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by: (i) buying or selling a security of any issuer, on the basis of material nonpublic information, in breach of a fiduciary duty or other duty of trust and confidence that is owed directly, indirectly, or derivatively, to the issuer of that security or the shareholders of that issuer, or to any other person who is the source of the information; or (ii) by communicating material nonpublic information about a security or issuer, in breach of a fiduciary duty or other duty of trust and confidence, for personal benefit, to another person or persons for securities trading purposes.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is

liable for disgorgement of $54,965.23, representing net realized and unrealized gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $15,969.28.  The court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles.  The court further imposes a civil penalty in the amount of $54,965.23 pursuant to Exchange Act Section 21A [15 U.S.C. § 78u-1].  Defendant shall satisfy these obligation(s) by paying $125,899.74 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph IV below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court; Jai Sondhi as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant

3

to this Final Judgment to the United States Treasury.

The Commission may enforce the court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.  The Commission may enforce the court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any court orders issued in this action.

Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### IV.

Defendant shall pay the total of disgorgement, prejudgment interest, and penalty due of $125,899.74 in twelve (12) installments to the Commission according to the following schedule: (1) $30,000, within thirty 30 days of entry of this Final Judgment; (2) $8,718.16, within 60 days of entry of this Final Judgment; (3) $8,718.16, within 90 days of entry of this Final Judgment; (4) $8,718.16, within 120 days of entry of this Final Judgment; (5) $8,718.16, within 150 days of entry of this Final Judgment; (6) $8,718.16, within 180 days of entry of this Final Judgment; (7) $8,718.16, within 210 days of entry of this Final Judgment; (8) $8,718.16, within 240 days of entry of this Final Judgment; (9) $8,718.16, within 270 days of entry of this Final Judgment; (10)

$8,718.16, within 300 days of entry of this Final Judgment; (11) $8,718.16, within 330 days of entry of this Final Judgment; and (12) a final payment equal to any unpaid amounts due, within 360 days of entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the court.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just cause for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk of Court is ordered to enter this Final Judgment forthwith and without

further notice.

April 28, 2026.

**A. JOE FISH**
**Senior United States District Judge**

6